McGREGOR W. SCOTT
United States Attorney
CAMERON L. DESMOND
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**

SEP 2 1 2018

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA



DEPUTY CLERK

**SEALED**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A WARRANT AUTHORIZING THE INSTALLATION AND MONITORING OF A TRACKING DEVICE IN OR ON A WHITE 2007 MERCEDES-BENZ FOUR-DOOR CAR WITH CALIFORNIA LICENSE PLATE 6HFV921 | CASE NO. 2:17-SW-335-CKD<br><br>EXPARTE MOTION FOR ORDER DELAYING NOTICE<br><br>**UNDER SEAL** |
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A WARRANT AUTHORIZING THE INSTALLATION AND MONITORING OF A TRACKING DEVICE IN OR ON A WHITE 2007 MERCEDES-BENZ FOUR-DOOR CAR WITH CALIFORNIA LICENSE PLATE 6HFV921 | CASE NO. 2:17-SW-0510-DB<br><br>EXPARTE MOTION FOR ORDER DELAYING NOTICE<br><br>**UNDER SEAL** |

On May 8, 2017 and June 16, 2017, the Court authorized agents of the Drug Enforcement Agency (DEA) to install and monitor a tracking device in or on a White 2007 Mercedes-Benz four-door car with license plate 6HFV921, for a period of 30 days. *See* 2:17-SW-335-CKD (warrant 1), 2:17-SW-0510-DB (warrant 2). On July 17, 2017, the Court extended the period within which the government was required to serve the inventory for warrant 1.[1]

---

[1] The period within which the government was to provide notice of the warrants has expired. The expiration became apparent after the transfer of the file within the US Attorney's office. Given the ongoing nature of the investigation, however, and the minimal prejudice such delay will have to any party, the government requests that the Court excuse the delay.

The United States now moves, pursuant to Rule 41(f)(3), for an order postponing for a 90 days the period within which the government will serve the required inventory for all three warrants. In support of the motion, I, CAMERON L. DESMOND, the Assistant United States Attorney who is currently supervising the underlying narcotics investigation of Jamaine BARNES and others, represents as follows:

The investigation into the narcotics trafficking activities of BARNES and others is ongoing. Agents inform me that since November 2017, they have continued to actively investigate BARNES and his associated DTO members. During this period, agents have conducted surveillance of BARNES and his associates, and arrested an individual in possession counterfeit tablets, which appeared to be hydrocodone, but contained heroin. This individual was arrested immediately after meeting with BARNES. Agents have also obtained information from search warrants of BARNES emails and subpoenas to eBay and PayPal that shows that BARNES continues to purchase items used for counterfeiting pharmaceutical tablets. The eBay and PayPal records indicate that items used for counterfeiting pharmaceutical tablets are also being purchased in BARNES twin brother, JAMAR BARNES.

Agents have also conducted surveillance of BARNES and identified places he frequents. Through toll analysis agents were able to identify a sub-distributor Jeremy BARNETT. BARNETT has been identified as selling counterfeit tablets that appear to be Ecstasy. Agents are attempting to identify where BARNETT stores his drugs.

In November 2017, Johnesha THOMPSON was arrested during a traffic stop in Arizona while driving the rental car. THOMPSON was suspect of being a distributor for BARNES and also the resident of a house where agents believe BARNES was manufacturing counterfeit tablets. During a search of her car, law enforcement found over 1000 tablets suspected to be ecstasy in the vehicle. These pills were later tested and found to contain methamphetamine. The next day, investigators observed a white Mercedez-Benz, which BARNES had previously been observed driving, arrive and depart from this location. On the first occasion, an African-American adult male, suspected to be BARNES, went

into the residence and came out carrying a garbage bag that appeared to be full. On one of the other occasions, the individual went into the residence and came out carrying a box. In my training and experience, this is consistent with the practice of gathering evidence from a stash house after a person associated with that house has been arrested. Since THOMPSON arrest, agents believe BARNES has moved his tableting operation. Agents have not yet been able to identify its location. Agents continue to work to identify this location in order to seize evidence related to BARNES manufacturing operation. The investigation is ongoing.

Agents believe that notifying the user(s) of the TARGET CELLPHONE of the existence of the Court's November 21, 2016, May 9, 2017, and January 21, 2018 orders may cause them to flee or take other actions to conceal their whereabouts or to inform other targets of the investigation. Therefore, the value of non-disclosure at this time outweighs any interest in notice to the users of the TARGET CELLPHONE, and it is reasonable and appropriate for the Court to postpone for 90 days the time within which the United States must serve the inventory required by Rule 41(f)(2)(C). Should the United States seek any further extension of that time, it will make a further application to the Court.

The United States requests that, given the sensitive nature of the information provided herein, the Court place this motion and the Court's order under seal.

Dated: September 21, 2018

McGREGOR W. SCOTT
United States Attorney

_____
CAMERON L. DESMOND
Assistant United States Attorney

3